UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King Jr. Federal<br>Bldg. & U.S. Courthouse<br>50 Walnut Street, Room 2042<br>Newark, NJ 07102<br>(973) 776-7858 |

November 28, 2016

To:    Jackson T. Horowitz
        35 Progress Place
        Voorhees, NJ 08043

        All counsel of record

**LETTER OPINION AND ORDER**

RE:    **Jackson T. Horowitz v. United Health Group, et al.**
          **Civil Action No. 16-2322 (KM)(MAH)**

Dear Litigants:

    Presently before the Court is Plaintiff pro se Jackson T. Horowitz's application for Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 21]. For the reasons set forth below, Plaintiff's application is denied.

**Background**

    Plaintiff brings this action pro se against United Health Group, United Health Care and the State of New Jersey Division of Medical Assistance and Health Services, claiming that they initially denied him a particular drug for his illness, even though it was subsequently provided to him, and ultimately, cured his illness. Complaint, Apr. 25, 2016, D.E. 1. Plaintiff seeks an injunction and punitive damages in the amount of $1million dollars. Id.

    On October 26, 2016, Plaintiff filed this application for Pro Bono Counsel [D.E. 21]. In his application, Plaintiff argues that he is entitled to appointed counsel because: (1) he cannot afford to hire an attorney on his own; and (2) he feels he cannot "compete with the 'seasoned' attorneys." See App. for Counsel, Oct. 26, 2016, D.E. 21.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron. Montgomery, 294 F.3d at 498-99. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155). If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157-58. Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a previous commodity and should not be wasted on frivolous cases." Montgomery, 294 294 F.3d at 499 (Parham, 126 F.3d at 458).

Here, with respect to the first Tabron prong, the Court assumes that Plaintiff's claim has merit for the purposes of this motion. Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case. When considering ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. Based upon the present record, Plaintiff has demonstrated a basic understanding of the actions he should take in furtherance of his claim. For example, Plaintiff has filed various motions with the court, such as requests to amend his pleading and for an enlargement of time to respond to Defendants' motion to dismiss. [D.E. 22, 30]. A review of Plaintiff's Complaint indicates that he provided a detailed explanation of his causes of action, which demonstrates his ability to pursue his claim. Plaintiff adequately articulated the factual circumstances, even including specific dates, surrounding his alleged claims. Based upon the allegations and the facts from which they arise, and because "the factual

and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity, Plaintiff has not demonstrated an inability to present his case. Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting Chatterjee v. Philadelphia Federation of Teachers, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not complicated. Plaintiff fails to provide an adequate explanation in his pro bono application as to why he believes his claims contain complex legal issues. Accordingly, the second Tabron factor weighs against Plaintiff because it does not appear that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case would be complicated or unduly burdensome. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. If this case proceeds, Plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Indeed, from the recent submissions from Plaintiff it appears that he has begun his Rule 26 disclosures and has a good handle on what is required of him. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations of Defendants' violations of the ADA would be understandable to a lay person without the assistance of an expert. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). Thus, the fifth Tabron factor does not favor appointment.

Sixth, the plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel. Here, while plaintiff has been granted in forma pauperis status, indigency alone does

3

not warrant the appointment of counsel absent satisfying the other Tabron factors.  Finally, Plaintiff indicates that he has sought representation from both the ACLU and Legal Services of New Jersey but that his requests for representation remain pending.  Accordingly, this factor weighs against appointment of counsel at this time.

      This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of *pro bono* counsel is inappropriate at this time.  Cf. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met).  For all the reasons set forth above, the Court denies Plaintiff's application for the appointment of pro bono counsel without prejudice.

## Conclusion

      A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time.  Therefore, Plaintiff's application of the appointment of pro bono counsel [D.E. 21] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**