**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JACKSON T. HOROWITZ, | : | |
| | : | Civ. No. 16-2322 (KM) (MAH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED HEALTH GROUP, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

Currently pending in this matter is a motion to dismiss the complaint. (ECF no. 14) The plaintiff, Jackson T. Horowitz, requested (ECF no. 22) and was granted (ECF no. 28) an extension of time to respond to the motion to dismiss, but has not filed a response. The plaintiff has by no means defaulted, however,[1] and a motion to dismiss will not be granted merely because a plaintiff has failed to respond to it. *See Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991); *Gage v. New Jersey Office of the Attorney Gen.*, No. CV 16-2790 (JLL), 2016 WL 6090727, at *2 (D.N.J. Oct. 17, 2016). It is also possible that this *pro se* plaintiff believed that filing a motion to amend the complaint was a sufficient response. At any rate, the plaintiff's intent to amend his complaint is clear. I will therefore briefly address the merits of the original complaint, which will be dismissed without prejudice to the filing of a properly supported motion to amend, attaching a copy of the proposed amended complaint.

---

[1] Horowitz has filed two motions to amend the complaint to add additional defendants (ECF nos. 30, 48). Both were denied without prejudice, apparently because they did not include a proposed amended pleading. (ECF no. 49) In addition to the motions to amend, he has filed a motion for leave to file a belated discovery plan (ECF no. 43), motion for a preliminary injunction (ECF no. 47), motion to disqualify counsel (ECF no. 38), and various other letters and objections.

1

## I. BACKGROUND

The plaintiff, Mr. Horowitz, is an individual residing in New Jersey. At the relevant times, he was covered by United Healthcare Community Plan of New Jersey. The Plan, a managed care organization, administers health benefits under the State of New Jersey Medicaid program. The movants, as named in the caption, are United Health Group and United Health Care. The proper defendant, they say, is AmeriChoice of New Jersey, Inc., d/b/a United Healthcare Community Plan of New Jersey.

In April 2015, Mr. Horowitz was diagnosed with chronic hepatitis C genotype 1A. His treating nurse at the Princeton Detox House requested that the Plan authorize a prescription for Harvoni, a direct acting antiviral drug. The Plan applied the State Medicaid guidelines and denied the request. There was a second request, and a second denial, in late 2015. Plaintiff appealed, and the decision was reversed. Horowitz received eight weeks of Harvoni treatments, paid for by the Plan. As of March 2016, his hepatitis was no longer detected.

The complaint alleges that United "has attempted to utilize an illegal practice" for evaluating requests for coverage of Harvoni treatment. The illegal practice is alleged to be the "Metvir Scoring System," which would confine approval of this drug to persons with advanced liver fibrosis at an F3 or F4 level, and consign other patients to treatment with different drugs. Application of this standard is alleged to be illegal and discriminatory. The State of New Jersey Division of Medical Assistance and Health Services is alleged to have been negligent in its supervision of managed care agencies, including United.

The complaint seeks the following relief:

1. An order that defendants immediately cease the illegal practice of denying Harvoni and other direct acting antivirals (DAA) solely based on Metavir Scoring.

2. An order requiring the State to either carve out Harvoni and DAAs from its manage care providers, or revising the guidelines so that they are not more restrictive than the State fee-for-service Plan.

3. Punitive damages of $1 million.

## II. STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

The complaint does not seek compensatory damages. It does seek injunctive relief and punitive damages. The complaint is not very specific about the causes of action being asserted. I consider these aspects in turn.

### A. Claim for Injunctive Relief

The complaint, even assuming it states a cause of action, suffers from a fundamental flaw. It seeks injunctive relief, but Mr. Horowitz, as plaintiff, does not identify any likelihood of future harm to himself. He lacks standing.[2]

Mr. Horowitz has received the Harvoni treatment he sought, and the treatment is alleged to have been completely successful as of March 30, 2016. Mr. Horowitz seeks to sue on behalf of others, to ensure that the Metavir scoring system is not applied to them. He requests an order compelling the defendants to cease their practice of denying reimbursement for Harvoni based on Metavir Scoring, and to reform their guidelines and practices accordingly.

A plaintiff seeking relief must allege plausibly that *he* is at risk of future harm that an injunction would address. *See, e.g., Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Brandt v. Monte*, 626 F. Supp. 2d 469, 493 (D.N.J. 2009). Mr. Horowitz alleges that he has been cured. He does not allege that the

---

[2]   To this extent, defendants' motion may be viewed as one under Rule 12(b)(1).

3

Metavir scoring system will be used against him in the future as a basis for denying Harvoni treatment. Admirably, but without legal basis, he seeks through litigation to change the Medicare regulations and practices that will be applied to others.

Because Mr. Horowitz alleges no threatened future injury to himself, his complaint fails to set forth standing to sue for injunctive relief.

### C. Punitive Damages

The complaint also seeks $1 million in punitive damages based on "repeated" or "gross negligence." The legal basis is not stated, but the citation of "negligence" suggests New Jersey state law.

In general, a claim for punitive damages must set forth something more than a decision, reversed on appeal, resulting in the plaintiff's receiving precisely what he asked for. It must allege that defendants acted with malicious intent, an evil motive, or with reckless and callous disregard for the safety and rights of others. *See* N.J. Stat. Ann. § 2A:15-5.12 (under State law, "actual malice" or "wanton and willful disregard" is required). No degree of negligence, including gross negligence, is sufficient. *Id.* Punitive damages are also unavailable in the absence of actual (not nominal) compensatory damages, which are not even claimed here. *See* N.J. Stat. Ann. § 2A:15-5.13.

No viable claim for punitive damages is pled here.

### C. Causes of Action

I briefly address the merits of possible causes of action, to guide the drafting of any amended complaint.

The complaint cites various parts of § 1927 of the Social Security Act, 42 U.S.C. § 1396r-8. Section 1927 governs "Payment for covered outpatient drugs." It pertains chiefly to manufacturers. It contains no private right of action.

In *Health Sci. Funding, LLC v. New Jersey Div. of Human Servs.*, No. CV 15-2933, 2015 WL 9308254, at *2–3 (D.N.J. Dec. 21, 2015), *aff'd*, 658 F. App'x 139 (3d Cir. 2016), Judge Arleo of this Court dealt with an analogous claim.

There, a drug manufacturer claimed that its drug was a covered outpatient drug under SSA § 1927, and sued because Medicaid was not covering it. The manufacturer cited the Medicare statute, 42 U.S.C. § 1396(a)(54), and sought to enforce it via a private right of action under 42 U.S.C. § 1983. Judge Arleo held that there was no direct private right of action, and that section 1983 could not be used to create one.

Mr. Horowitz's claim here is a different one, but it has similar infirmities. He points to § 1927, a statute governing the procedures in connection with covered outpatient drugs. He does not point to a statutory section granting an individual patient a federal cause of action. In any amended complaint, he must do so.

The complaint vaguely states that the Metavir guidelines are illegal and discriminatory. If they are "illegal," then the law that they violate must be identified. If "discriminatory," then the nature of discrimination on some constitutionally protected basis must be identified. These allegations are far too vague to make out a viable statutory claim, let alone a constitutional claim under 42 U.S.C. § 1983.

The complaint alleges breach of contract, but does not identify the contract referred to or the manner in which it was breached.

The complaint alleges negligence, but does not identify the relevant standard of care that was breached. For all that appears from this Complaint, the defendants followed duly enacted guidelines. The plaintiff simply believes that those guidelines are incorrect, harsh, or misguided. He does not allege carelessness, inadvertence, or any other hallmark of negligence.

The complaint states that it seeks relief under federal law, and is therefore properly in federal court under 28 U.S.C. § 1331. To the extent any amended complaint does not contain a federal law cause of action, however, then another basis for federal jurisdiction, such as diversity of citizenship under 28 U.S.C. § 1332, must be stated.

### D. The State

The State of New Jersey Division of Medical Assistance and Health Services is alleged to have been negligent in its supervision of managed care agencies, including United. It has not moved to dismiss. It requested in a letter that its response be postponed until after the resolution of the plaintiff's motions to amend the complaint, but in the meantime those motions have been denied on procedural grounds.

The grounds stated above would apply equally to the State as defendant. There may be other grounds peculiar to the State as well, such as the Eleventh Amendment or the State's non-amenability to suit as a "person" under statutes such as 42 U.S.C. § 1983. Because the complaint is being dismissed without prejudice in its entirety, such issues can await any amended pleading.

### CONCLUSION

For the reasons stated above, the Complaint does not set forth specific claims, and there is little point in extended discussion of hypothetical grounds. Rather, I will dismiss the complaint without prejudice to the submission, within 45 days, of a motion to amend, with a copy of the proposed amended complaint attached.

_____
**Kevin McNulty**
**United States District Judge**